UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| BECKI BRIZZI : | |
| : | No. 2:20-cv-1543 |
| VS. : | |
| : | **JURY TRIAL DEMANDED** |
| SEEGRID CORPORATION : | |

_____

**CIVIL ACTION COMPLAINT**

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

JURISDICTION

1. This Court has jurisdiction over this matter pursuant to the 42 U.S.C. Section 2000(e) et seq. of the Age Discrimination in Employment Act (hereinafter "ADEA"). This Complaint was been filed after the passage of 60 days since the matter was first filed with the EEOC.

PARTIES

2. Plaintiff, Becky Brizzi, is a 57 year old person (born 4/14/1963) and she resides at 965 Fairoaks Street, Bethel Park, PA 15102.

3. Defendant, Seegrid Corporation, is a corporation with a principle place of business located at 216 Parkwest Drive,

Pittsburgh, PA 15275, which is located in this judicial district.

4. Defendant employs more than one-hundred people.

5. On or about December 12, 2015, plaintiff commenced employment with defendant as an Accountant.

6. At all times material hereto, plaintiff's performance was excellent and she was highly qualified for the position which she held.

7. In about December 2019, defendant hired a young accountant named Eric Racan who is about 28 years old (who was about 29 years younger than plaintiff), whom plaintiff was directed to help train.

8. In March 2020, plaintiff was the only administrative employee who was denied a discretionary bonus for the year 2019, all of whom were younger than she.

9. Unbeknownst to plaintiff, defendant had already decided to terminate her employment and replace her with younger Accountants as set forth herein below.

10. When plaintiff complained that she should have received a discretionary bonus for 2019, she was given a token bonus that amounted proportionally to about half of the respective bonuses paid to the other administrative employees—all younger than she.

11.  On Friday, June 5, 2020, plaintiff was informed that her position was purportedly eliminated and that she would be terminated as a result.

12.  At the time of plaintiff's termination, defendant had already made arrangements for two other Accountants to undertake her duties-- both of whom were between 40 and 49 years old, or between about 8 and 17 years younger than plaintiff.

13.  In addition, Mr. Racan (the 28 year old Accountant) was retained to continue working for defendant.

14.  Plaintiff's position was in fact not eliminated, and either one, two or all three of the much younger Accountants undertook her duties.

15.  The primary decision maker concerning plaintiff's termination and denial of her full discretionary bonus was Steven Barton (CFO).

16.  Mr. Barto started as CFO in about March 2017 (about 15 months after plaintiff was first hired by defendant) and the only administrative position "eliminated" in June 2020 was plaintiff's position, at which time plaintiff was the oldest female administrative employee working for the defendant.

17.  Mr. Barto, being the CFO of a technology company which produces autonomous robots, is believed to have desired to maintain a youthful image for defendant's finance department and

for that reason he hired younger accountants to replace plaintiff as aforesaid.

18. Defendant's decision makers claimed that the two newly hired accountants who were hired to replace plaintiff because they had "some" international accounting experience.

19. In truth, plaintiff possessed vast international experience which she gained while working for her former employer, as well as other credentials that were superior to both of the aforementioned Accountants hired by defendant to replace plaintiff.

20. Had defendant's decision-makers truly compared plaintiff's credentials to the said newly hired Accountants they would have known that her international experience was vastly superior, but instead, defendant's decision-makers blindly claimed she lacked international experience.

21. Plaintiff believes that defendant's decision makers cited this reason as pretext to mask its discriminatory intent.

22. Defendant, by and through its decision-makers, terminated plaintiff based upon the false pretext that: (1) her position was eliminated; and (2) that her credentials did not qualify her to perform additional duties including the handling of international accounting.

23. The true reason why plaintiff was denied her full discretionary bonus in March 2020 was because of her age.

24. The true reason why plaintiff was terminated in June 2020 was because of her age.

25. Defendant and its agents acted at all times material hereto with their authority to hire, fire and discipline.

26. Defendant and its agents undertook a course of conduct toward plaintiff and terminated her because of her age.

27. Defendants' agents acted against plaintiff in a bigoted, willful and malicious manner.

28. Defendant is responsible for the actions of their respective supervisory employees who were decision-makers in this matter.

29. Plaintiff was subjected to humiliation, embarrassment, and mental anguish as a consequence of the discrimination that she endured.

30. Defendant unlawfully cut plaintiff's hours and pay and terminated her in violation of the ADEA.

31. Plaintiff thus seeks damages, including but not limited to, lost pay, lost benefits, compensatory damages for pain and suffering, punitive damages, attorneys fees and costs.

COUNT 1—AGE DISCRIMINATION

32. Plaintiff repeats paragraphs 1-31 as if more fully set forth herein.

33.   By and through its conduct, defendant violated the ADEA by intentionally terminating plaintiff in about June 2020 because of her age.

COUNT 2—AGE DISCRIMINATION

34.   Plaintiff repeats paragraphs 1-33 as if more fully set forth herein.

35.   By and through its conduct, defendant violated the ADEA by intentionally denying plaintiff a full discretionary bonus in about March 2020 because of her age.

WHEREFORE, Plaintiff demands judgment on Counts 1 and 2 against defendant for damages in an amount to be determined by a jury for lost pay and benefits, pain and suffering, emotional distress, mental anguish, harm to reputation, punitive damages, costs, reasonable attorney's fees, and such other relief as the Court deems just and fair.

/s/ Samuel A. Dion
_____
Samuel A. Dion, Esq.
Dion & Goldberger
1845 Walnut Street
Suite 1199
Philadelphia, PA 19103
215-546-6033 (tel)
215-546-6269 (fax)
samueldion@aol.com (email)

Date:  October 12, 2020       Attorneys for Plaintiff